UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUE ANNE WHEELER, | Case No.: 2:24-cv-01989-APG-MDC |
| Plaintiff | **Order Granting Motion to Remand** |
| v. | [ECF No. 14] |
| WALGREEN CO., | |
| Defendant | |

Walgreen Co. removed this case from Nevada state court based on diversity jurisdiction. ECF No. 1.  Sue Anne Wheeler now moves to remand the case to state court because Walgreen's removal was untimely. ECF No. 14.

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotations and citation omitted).  This burden on a removing defendant is especially heavy because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* at 773-74(citations omitted). *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A removing defendant must file a notice of removal "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). This 30-day "requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Removability "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.*

Wheeler's complaint explicitly stated that, "[w]hile yet uncertain, all of the forgoing items of damage together amount to a sum in excess of Two Hundred Thousand Dollars ($200,000.00)." ECF No. 1 at 12. This clearly put Walgreen on notice that the amount at issue exceeded this court's $75,000 jurisdictional threshold. Walgreen received the complaint on August 22, 2024, so it should have removed the case within 30 days: *i.e.*, by September 21, 2024. Walgreen removed the case on October 23, 2024, more than 30 days beyond the removal deadline. Because removal was untimely, I remand the case.

Wheeler also requests an award of her fees and costs incurred in connection with the untimely removal. ECF No. 14 at 5. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). I grant Wheeler's request because Walgreen had no basis to remove this case. Wheeler's counsel will calculate the fees and costs incurred as a result of the removal and provide that calculation (along with supporting information) to Walgreen's counsel. If the parties can reach an agreement on the amount, they will file a stipulation to that effect. Otherwise, Wheeler may file a motion for fees and costs.

I THEREFORE ORDER that Wheeler's motion to remand **(ECF No. 14) is granted**. This case is remanded to the state court from which it was removed.

I FURTHER ORDER Wheeler's counsel to calculate the fees and costs incurred as a result of the removal and to provide that calculation (along with supporting information) to Walgreen's counsel. If the parties can reach an agreement on the amount, they will file a

stipulation to that effect. Otherwise, Wheeler may file a motion for fees and costs by **December 13, 2024**. Walgreen may file an opposition by **December 20, 2024**. No reply will be allowed.

DATED this 2nd day of December, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE